IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNNY LEWIS MONK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0122 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHNNY LEWIS MONK. By his habeas application, petitioner challenges his August 22, 2006 convictions for the offenses of indecency with a child and aggravated sexual assault of a child, and the resultant 15- and 45-year consecutive sentences. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner is not entitled to federal habeas corpus relief.

I.
PROCEDURAL HISTORY

On August 31, 2005, petitioner was indicted for the felony offense of indecency with a child, *to wit:*

[Defendant], on or about the 1st day of August, 2003 . . . did then and there, with

> intent to arouse and gratify the sexual desire of the defendant, intentionally and knowingly engage in sexual contact with [A.T.], a child younger than 17 years of age and not the spouse of the said defendant, by causing the said [A.T.] to touch the genitals of the defendant.

*State v. Monk*, No. 51,456-A.[1]  Petitioner was also charged with aggravated sexual assault:

> [Defendant] on or about the 1st day of August, 2003 . . . did then and there intentionally and knowingly cause the sexual organ of the defendant to contact or penetrate the mouth of [A.T.], a child who was then and there younger than 14 years of age.

*State v. Monk*, No. 51,457-A.  On August 21-22, 2006, a consolidated trial was held before a jury in the 47th Judicial District Court of Potter County, Texas.  On August 22, 2006, the jury found petitioner guilty of the offenses as alleged in the indictments, and assessed petitioner a 15-year sentence in the indecency cause, and a 45-year sentence in the aggravated sexual assault case.  The trial court ordered petitioner's sentences to run consecutively.

Petitioner directly appealed his convictions and sentences.  The appellate court summarized the background of the case as follows:

> During voir dire, the State questioned the venire panel extensively regarding whether they could consider the full range of punishment for the offenses alleged.  After a few potential jurors indicated that they might have a problem doing so, the trial court made the following statement to the panel:
>
>> Ladies and gentlemen, what she [the prosecutor] is trying to explain is this.  You can't serve on this jury unless you can at least just say you will consider the full range of punishment.  You don't have to commit to any of it now, and you just have to tell her, yes, I can consider the full range of punishment theoretically in a case of this nature.  That's all you have to be able to do.
>
> Appellant did not object to the trial court's statement.  Further, appellant's trial counsel made no inquiry into the jury panel's ability to consider the full range of punishment during voir dire.

---

[1] Both offenses were originally charged by complaint on June 3, 2005.

*Monk v. State*, No. 07-06-0354-CR and 07-06-0369-CR. On appeal, plaintiff argued the above-quoted statement by the trial court "effectively instructed the prospective jurors how to avoid elimination from the jury" and "denied Appellant a fair trial because jury panel members who were unwilling to consider the minimum punishment were unable to be disqualified . . . ." On January 2, 2008, the state appellate court, in a consolidated opinion, affirmed petitioner's convictions and sentences finding: (1) petitioner's ground of error was waived and nothing was preserved for review because petitioner did not make a timely objection to the comment at trial; and (2) the statement did not constitute fundamental error or deprive petitioner of a fair and impartial trial because any such error could have easily been cured by a clarification or an instruction to disregard.

Petitioner sought review of the state appellate court's decision by filing a *pro se* petition for discretionary review. On May 7, 2008, the Texas Court of Criminal Appeals struck the petition for discretionary review as noncompliant. *Monk v. State*, P.D.R. No. 190-08. On July 11, 2008, petitioner filed a corrected petition for discretionary review, however, the Texas Court of Criminal Appeals took no action on the petition as it was untimely filed. On July 15, 2008, petitioner filed a second copy of the corrected petition for discretionary review. The Texas Court of Criminal Appeals again took no action on the petition as it was untimely filed.

On March 10, 2009, petitioner filed applications for state writs of habeas corpus challenging his convictions. On April 29, 2009, the Texas Court of Criminal Appeals denied petitioner's application challenging his indecency with a child conviction without written order. *In re Monk*, No. 71,918-01. On June 3, 2009, the Texas Court of Criminal Appeals denied petitioner's application challenging his aggravated assault conviction without written order. *In re Monk*, No. 71,918-02.

On May 11, 2009, petitioner executed the instant federal habeas application, such application being received by the Court and filed of record May 28, 2009.  On July 8, 2009, respondent filed an answer arguing petitioner's application should be denied as his claims are procedurally barred or are without merit.  On August 12, 2009, petitioner filed a reply in opposition to respondent's answer.

II.
PETITIONER'S ALLEGATION

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason:

> Petitioner was denied due process by improper comments made by the trial court to the venire panel during voir dire.

III.
MERITS

In his application, petitioner states, *in toto*, as supporting facts:

> During voir dire, the State questioned the venire panel extensively regarding whether they could consider the full range of punishment for the offenses alleged.  After potential jurors indicated that they might have problems doing so, the trial court effectively instructed the prospective jurors how to avoid elimination from the jury.

Plaintiff then references Volume 3, page 62 of the transcript.  In his answer, respondent requests petitioner's habeas application be denied as his sole claim is barred from review in this Court under the "procedural default doctrine."  In his reply to respondent's answer, petitioner argues the trial judge's comments were fundamental error of constitutional dimension and, thus, no objection was

required to preserve error.  Citing *Blue v. State*, 41 S.W.3d 129 (Tex.Crim.App. 2000),[2] petitioner contends he "is entitled to have this Court question the state court's finding of procedural default."

Under Texas law, in order to preserve a complaint about a trial judge's comments during trial for appellate review, counsel must, at the time the comments occur, object or otherwise bring the specific complaint to the trial judge's attention so the judge has an opportunity to correct the error.  Tex.R.App. P. 33.1(a)(1); *see Sharpe v. State*, 648 S.W.2d 705, 706 (Tex.Crim.App.1983). The general rule that counsel must object to the error to preserve it for later review is called the "contemporaneous objection rule."

Here, petitioner's attorney did not object to the trial court's comments.  The state appellate court specifically held that because no objection was made, any error was waived at the state level. *See* Tex. R. App. P. 33.1(a)(1); *Vasquez*, 189 S.W.3d at 759.  The state appellate court also specifically found the comments, if error, did not amount to fundamental error or deprive petitioner of a fair and impartial trial.[3]

---

[2] In *Blue*, the Texas Court of Criminal Appeals, on direct appeal, were asked to review the state appellate court's holding that an appellant's failure to object to the trial judge's comments waived error.  In sustaining the appellants ground for review and reversing the judgment of the court of appeals, the court held the trial judge's comments imparted information to the venire that tainted the presumption of innocence and, thus, were fundamental error of constitutional dimension which required no objection.  *Blue*, 41 S.W.3d at 132.

[3] Almost every right, constitutional and statutory, may be waived by the failure to object. *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App.1986).  Absent an objection, a defendant waives error unless the error is fundamental – that is, the error creates egregious harm. *Ganther v. State*, 187 S.W.3d 641, 650 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd); *see* Texas R. Evid. 103(d); *Villareal v. State*, 116 S.W.3d 74, 85 (Tex.App.-Houston [14th Dist.] 2001, no pet.).  Egregious harm prevents a defendant from receiving a fair and impartial trial.  *Ganther*, 187 S.W.3d at 650.

The United States Supreme Court has determined that when certain constitutional rights are violated, fundamental error occurs.  *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302, (1991); *Williams v. State*, 194 S.W.3d 568, 579 (Tex.App.-Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 353 (Tex.Crim.App.2008).  The Court defined such errors as "structural defects in the constitution of the trial mechanism." *Fulminante*, 499 U.S. at 309.  These fundamental constitutional rights include the right to counsel, the right to an impartial judge, the right to not have members of the defendant's race unlawfully excluded from a grand jury, the right to self-representation at trial, and the right to a public trial.  *Id* . at 309–10; *Williams,* 194 S.W.3d at 579.  In addition to the fundamental errors established by the United States Supreme Court, a plurality of the Texas Court of Criminal Appeals held another fundamental error of constitutional dimension could exist if a trial judge makes a comment that taints the presumption of innocence.  *Blue*, 41 S.W.3d at 132.

A state court's application of the "contemporaneous objection rule" bar "constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." *Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001) (quoting *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999)).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *See also Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976) (holding an objection to the composition of a grand jury panel that is barred by a state procedural rule is waived and cannot be raised in a collateral attack upon a conviction). Here, the state appellate court applied the contemporaneous objection rule to bar consideration of petitioner's claims, and petitioner has not demonstrated cause for the default or actual prejudice as a result of the trial judge's comments. In his reply, petitioner appears to argue the trial judge's comments obligated him to accept a tainted jury. Specifically, petitioner states the trial judge's comments permitted a prospective juror who could not follow the law regarding punishment (could not consider the low range of punishment for the crimes with which petitioner was charged) to remain on the jury rather than being struck for cause. Petitioner has not, however, shown that any jurors were, in fact, unable to follow the court's instructions in this case concerning the full range of punishment for petitioner's offenses. As petitioner has not demonstrated cause or prejudice, federal habeas review of whether the trial judge's comments were improper or denied petitioner a fair trial is procedurally barred.

Even if the procedural default bar was not present, petitioner would still not prevail. The state appellate court's determination that the trial judge's comments, even if erroneous, did not rise to such a level that fundamental error occurred, or that petitioner was denied a fair trial by an impartial jury, would be entitled to deference under 28 U.S.C. § 2254(d). Since petitioner's claims are procedurally barred, the Court need not address that question.

Petitioner's claim should be DENIED as procedurally defaulted.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOHNNY LEWIS MONK be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of March, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>**NOTICE OF RIGHT TO OBJECT**</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).